IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Laura L. Medley,

Petitioner,

vs.

Charles L. Ryan, et. al,

Respondents.

No. CV-12-762-PHX-GMS (BSB)

**REPORT AND RECOMMENDATION**

Laura L. Medley (Petitioner) has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondents contend that the Petition should be dismissed as untimely. (Doc. 9.) Respondents alternatively argue that Petitioner's claim is procedurally defaulted and barred from federal habeas review. Petitioner has not filed a reply and the time to do so has passed. For the reasons set forth below, the Court recommends that Petition be denied and dismissed with prejudice.

## I. Factual and Procedural Background

On January 6, 2009, Petitioner pled guilty in Arizona Superior Court, Maricopa County case number CR2008-007328-001 to one count of fraudulent schemes and artifices, a class 2 felony, with one historical prior felony conviction. (Respondents' Ex. A.[1]) On February 20, 2009, the trial court sentenced Petitioner to an aggravated term of ten years' imprisonment. (Respondents' Ex. B.)

[1] Citations to "Respondents' Ex." refer to exhibits A-U attached to Respondent's Limited Answer to Petition for Writ of Habeas Corpus, located at docket 9-1.

On May 26, 2009, Petitioner filed a notice of post-conviction relief pursuant to Arizona Rule of Criminal Procedure 32. (Respondents' Ex. C.) Petitioner subsequently filed a petition for post-conviction relief asserting that the imposition of an aggravated sentence was improper because the aggravating factors were not found beyond a reasonable doubt at trial. (Respondents' Ex. D.) On August 31, 2009, Petitioner filed a second notice of post-conviction relief and supporting petition asserting the same challenge to her aggravated sentence. (Respondents' Exs. E, F.) In a single order, issued December 10, 2009, the trial court dismissed both post-conviction proceedings. (Respondents' Ex. G.) Petitioner did not seek review in the Arizona Court of Appeals.

On April 14, 2010, Petitioner filed a third petition for post-conviction relief arguing that her aggravated sentence was improper because the language of Ariz. Rev. Stat. § 13-604 contained an "irreconcilable conflict." (Respondents' Ex. H, doc. 9-1 at 30.) On April 27, 2010, the trial court dismissed the petition as "untimely filed, and successive." (Respondents' Ex. I, doc. 9-1 at 41.)

On July 13, 2010, Petitioner filed a fourth petition for post-conviction relief arguing that she was sentenced under a statute that was subsequently repealed and that she should have been resentenced under a different statute. (Respondents' Ex. J, doc. 9-1 at 44.) On August 3, 2010, the trial court dismissed the petition as untimely. (Respondents' Ex. K, doc. 9-1 at 53-54.)

On August 16, 2010, Petitioner filed a "Supplement to Petition for Post-Conviction Relief" arguing that there were newly discovered material facts that would probably change the verdict in her case. (Respondents' Ex. L) Specifically, she argued that the "the court reporters' office failed to comply with [Arizona Rule of Criminal Procedure] 12.8(b), in that there are no records of the Grand Jury proceedings." (Respondents' Exs. L, M.) On August 31, 2010, the court dismissed the petition finding that Petitioner was not entitled to relief based on newly discovered evidence under Rule 32.1(e). (Respondents' Ex. M, doc. 9-1 at 63.) The trial court also rejected Petitioner's claim that she was "actually innocent" based on the failure of the grand jury foreperson to keep a record of the vote. (*Id.* at 64.) On September 9, 2010,

Petitioner filed a petition for review in the Arizona Court of Appeals, which was denied on March 28, 2012. (Respondents' Exs. N, T.)

In addition to her other petitions, on September 13, 2010, Petitioner also filed a "petition for writ of habeas corpus," which the trial court construed as a petition for post-conviction relief and denied as untimely on November 15, 2010. (Respondents' Exs. O, P.) On August 11, 2011, Petitioner filed a second petition for writ of habeas corpus, which the trial court rejected as illegible. (Respondents' Exs. Q, R.)

On February 15, 2012, Petitioner filed another notice of post-conviction relief challenging her aggravated sentence. (Respondents' Ex. S.) The record reflects that this post-conviction proceeding is still pending. (Doc. 9 at 4; Respondents' Ex. U.)

On April 11, 2012, Petitioner filed the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 asserting a violation of her Fourteenth Amendment right to due process because the Maricopa County Superior Court has no record of the grand jury vote. (Doc. 1.) As discussed below, the Petition is untimely and should be dismissed on that basis. Alternatively, the Petition should be denied because Petitioner's claim lacks merit.

**II. Statute of Limitations**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) provides a one-year statute of limitations for a state prisoner to file a petition for writ of habeas corpus in federal court. 28 U.S.C. § 2244(d)(1). The limitations period runs from "the date on which the [challenged state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period, however, is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (in Arizona, filing a notice of post-conviction relief is sufficient to toll the AEDPA statute of limitations).

**A. Commencement of Limitations Period**

To assess the timeliness of the pending Petition for Writ of Habeas Corpus, the Court must first determine the date on which Petitioner's conviction became "final by the conclusion of direct review." 28 U.S.C. § 2244(d)(1)(A). By pleading guilty, Petitioner waived her right to a direct appeal under Arizona law. *See* Ariz. Rev. Stat. § 13-4033(B). Petitioner, however, retained the right to seek review of an "of-right" proceeding pursuant to Rule 32. *See* Ariz. R. Crim. P. 32.1 and 32.4. Therefore, because Petitioner pleaded guilty her conviction became final upon "the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or [upon] the expiration of the time for seeking such proceeding or review." *See Summers v. Schriro*, 481 F.3d 710, 711, 716-17 (9th Cir. 2007) ("Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A).").

Here, Petitioner pleaded guilty and was sentenced on February 20, 2009. Petitioner had ninety days from the entry of judgment and sentence — or until May 21, 2009 — within which to file a notice of post-conviction relief under Rule 32.4(a). *See* Ariz. R. Crim. P. 32.1, 32.4(a) ("In a Rule 32 of-right proceeding the notice must be filed within ninety days after the entry of judgment and sentence or within thirty days after the issuance of the final order or mandate by the appellate court in the petitioner's first petition for post-conviction relief proceeding."). Petitioner did not file a notice of Rule-32 relief within the ninety-day period. Accordingly, the AEPDA limitations began to run on May 21, 2009.

On May 26 and August 31, 2009, Petitioner filed two separate notices of post-conviction relief and subsequently filed supporting petitions challenging her aggravated sentence. (Respondents' Exs. C, D, E, F.) On December 10, 2009, the trial court dismissed both post-conviction proceedings. In its order, the trial court noted the State's argument that although Petitioner's first notice of post-conviction relief was back-dated to appear as if it were timely, it was not timely filed. The trial court stated that:

> Pursuant to Rule 32.4(a) of the Arizona Rules of Criminal Procedure, the Notice must be filed within 90 days of the entry of judgment and sentencing. Defendant filed her first Notice on 5/26/2009, more than 90 days after sentencing. However, the Notice is dated April 15, 2009. The State argues that the Defendant has attempted to create the appearance of having timely filed the Notice by back-dating the document to 4/15/09, but that in fact, the Notice is untimely.

(Respondents' Ex. G, doc 9-1 at 28.)

The trial court, however, did not directly resolve whether the notice should be considered timely under Rule 32.4(a) because it was dated April 15, 2009. Instead, the court found that, "even assuming Defendant's Notice was timely filed, she is not entitled to relief," because she had waived her right to jury determination of aggravating factors pursuant to her plea agreement. (Respondents' Ex. G.)

Respondents characterize the trial court's decision as denying the first post-conviction proceeding as untimely and alternatively finding that Petitioner's claim lacked merit. (Doc. 9 at 3.) In view of the trial court's initial finding that Petitioner's notice was filed "more than 90 days after sentencing," and its use of the phrase "*[e]ven assuming* Defendant's Notice was timely filed" to introduce its merits analysis, the Court agrees that the trial court's decision was based on Petitioner's untimely notice and its merits analysis was an alternative basis for dismissing the petition. This Court is bound by the state court's determination that Petitioner's application for post-conviction relief was untimely under state law. *See Allen v. Siebert*, 552 U.S. 3, 4-5 (2007).

Because the first notice of post-conviction relief was untimely, it was not "properly filed" and did not toll the limitations period.[2] *See Pace v. Diguglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244 (d)(2)."); *see also Allen*, 552 U.S. at 7 (untimely petition for post-conviction relief was not "properly filed" for purposes of tolling the AEDPA limitations period).

---

[2] The second post-conviction proceeding, which Petitioner initiated by filing a notice on August 31, 2009, was also untimely and it was not dated in any manner that suggested that it was timely.

Thus, the limitations, which commenced on May 21, 2009, was not tolled and expired one year later, on May 21, 2010.

On April 14, 2010, nearly eleven-months after the entry of judgment and sentence, and well beyond the ninety-day period to file a notice of post-conviction relief under Rule 32.4(a), Petitioner filed a third notice of post-conviction relief. (Respondents' Ex. H.) The trial dismissed that proceeding as untimely and successive under Rule 32.2(a). (Respondents' Ex. I.) Again, the untimely notice was not "properly filed" and did not toll the limitations period. *See Pace*, 544 U.S. at 414. Thus, the limitations period expired on May 21, 2010.

After the limitations period expired, Petitioner filed several more petitions for post-conviction relief.[3] (Respondents' Exhs. J, L, O, S.) Because the AEDPA statute of limitations had expired by the time Petitioner filed those petitions, they did not toll the limitations period. Once the AEDPA limitations period expires, a subsequently filed petition for post-conviction relief cannot restart the statute of limitations. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001). "Section 2244(d)(2) cannot 'revive' the limitation[ ] period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitation[ ] period is expired, collateral petitions can no longer serve to avoid a statute of limitation[ ].'" *Johnson v. Galaza*, 2001 WL 125312, at *1 (N.D. Cal. Feb. 7, 2001) (quoting *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (modifications in original). *See also Brinkley v. Tilton*, 372 Fed. Appx. 732, 733 (9th Cir. 2010) (finding "no basis to apply statutory tolling because the one-year limitations period had already expired by the time [petitioner] filed his first state

---

[3] Respondents note that Petitioner commenced a post-conviction action on February 12, 2012 in which she argues that her sentence is improper because she did not receive notice of the aggravating factors. (Respondents' Ex. S.) It appears that this proceedings is still pending before the State court. (Doc. 9 at 4 n. 2; Ex. U.) As Respondents assert, the Court need not stay the pending habeas corpus proceeding to permit Petitioner to exhaust this claim because any attempt to do so would be futile. This claim is procedurally barred because Petitioner could have raised it in a prior collateral proceeding. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); Ariz. R. Crim. P. 32.2 (a). Moreover, this untimely post-conviction proceeding would not toll the already-expired limitations period. *See Ferguson*, 321 F.3d at 823.

petition"); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that "section 2244(d) does not permit reinitiation of the limitations period that has ended before the state petition was filed.").

Accordingly, the AEDPA limitations period expired on May 21, 2010, and the pending Petition for Writ of Habeas Corpus, which was filed nearly two years later on April 11, 2012, is untimely absent equitable tolling.

**B. Equitable Tolling**

The limitations period of § 2244(d) may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Holland v. Florida*, ___ U.S.___, 130 S.Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling only if he establishes two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 130 S.Ct. at 2565 (internal citations and quotations omitted).

Here, Petitioner does not address the untimeliness of her Petition. (Doc. 1.) Petitioner has not articulated, and the record does not reveal, any extraordinary circumstance that would justify equitable tolling. *See Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (noting that "equitable tolling only [applies] where 'external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'") (quoting *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999)). Petitioner's lack of familiarity with the law and lack of legal assistance do not constitute extraordinary circumstances sufficient to toll the limitations period. *See Ballesteros v. Schriro*, 2007 WL 666927, at *5 (D. Ariz. Feb. 26, 2007) (a petitioner's *pro se* status, ignorance of the law, lack of representation during the applicable filing period, and temporary incapacity do not constitute extraordinary circumstances).

Because Petitioner has not presented any circumstance that would justify equitably tolling the AEDPA statute of limitations, her § 2254 Petition should be denied as untimely.

Although the Petition should be denied as untimely, in an abundance of caution, the Court will consider the merits of Petitioner's claim.

**III. Analysis**

Petitioner presents one ground for relief. She asserts that her conviction violates the Due Process Clause of the Fourteenth Amendment because the Maricopa County Superior Court does not have a record of the grand jury vote and, therefore, there is no evidence that at least nine grand jurors concurred in the indictment as required by Arizona Rule of Criminal Procedure 12.7(a), or that the grand jury foreperson kept a record of the numerical count of the grand jury's vote as required by Arizona Rule of Criminal Procedure 12.8(b).[4] (Doc. 1 at 7.) Respondents argue that this claim is procedurally barred. The Court will nonetheless address the claim because it is plainly meritless. *See* 28 U.S.C. § 2254(b)(2) (federal court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court).

To the extent that Petitioner asserts violations of Rules 12.7(a) and 12.8(b), such claims are based on state law and are not amenable to federal habeas corpus review. *See* 28 U.S.C. § 2254(a) (the scope of federal habeas corpus review is limited to challenges to a state court judgment based on alleged violations of the Constitution or laws or treaties of the United States). The Supreme Court has repeatedly stated that "[t]he habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, ___ U.S. ___, 131 S.Ct. 13, 15 (2010) (quoting 28 U.S.C. § 2254(a)).

---

[4] Rule 12.7(a) provides that "[a]n indictment shall not be returned without the concurrence of at least 9 grand jurors." Ariz. R. Crim. P. 12.7(a).

Rule 12.8(b) provides that "[t]he foreman of the grand jury shall keep a record of the numerical count of the grand jury vote for and against such indictment. The foreman's record of the vote from which an indictment is returned shall be transcribed and filed with the clerk of the superior court no later than 20 days following the return of the indictment and made available to the prosecution and the defendant only." Ariz. R. Crim. P. 12.8(b).

Accordingly, "[a] habeas petition must allege the petitioner's detention violates the constitution, a federal statute or a treaty." *Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989). *See also Estelle v. McGuire,* 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus does not lie for errors of state law") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also Gilmore v. Taylor*, 508 U.S. 333, 348-349 (1993) ("a mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). Additionally, a habeas petitioner cannot "'transform a state law issue into a federal one merely by asserting a violation of due process.'" *Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (quoting *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996)). Petitioner's challenge to the lack of compliance with Arizona law governing grand jury proceedings involves the interpretation and application of Arizona law and is not cognizable on federal habeas corpus review.

Moreover, to the extent that Petitioner asserts a federal constitutional claim, she is not entitled to relief. While the Due Process Clause guarantees defendants a fair trial, "it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury." *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972)*; see also Hurtado v. California*, 110 U.S. 516, 534-35, 538 (1884) (indictment by grand jury is not included in the due process guarantees of the Fourteenth Amendment that apply to state criminal defendants); *Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972) (same). Accordingly, Petitioner's claim is plainly meritless and she is not entitled to habeas corpus relief. *See* 28 U.S.C. § 2254(b)(2).

## IV. Conclusion

Based on the foregoing, the Petition for Writ of Habeas Corpus should be dismissed as untimely or, in the alternative, because Petitioner's claim lacks merit.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a certificate of appealability and leave to proceed in forma pauperis on appeal be denied because dismissal of the Petition is justified by

a plain procedural bar and reasonable jurists would not find the ruling debatable and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

DATED this 10th day of December, 2012.

Bridget S. Bade
United States Magistrate Judge